## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DWIGHT L. DAVIS,                      :
                                      :
      Plaintiff,                  :
                                      :
v.                                    :      Civ. No. 16-044-RGA
                                      :
VICE CHANCELLOR JOHN W. NOBLE :
et al.,                               :
                                      :
      Defendants.                 :

Dwight L. Davis, Wilmington, Delaware. *Pro Se* Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Vice Chancellor John W. Noble.

Sarah Anne Fruehauf, Assistant City Solicitor, City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendants Michael P. Migliore and Mayor Dennis P. Williams.

Rick S. Miller, Esq., Ferry, Joseph, P.A., Wilmington, Delaware. Counsel for Defendant Ferry Joseph, P.A.

## **MEMORANDUM OPINION**

August 24, 2016
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Dwight L. Davis, who appears *pro se* and has paid the filing fee, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1, 4). Defendants Vice Chancellor John Noble, Ferry Joseph, P.A. (named by Plaintiff as Ferry Joseph and Pearce), Wilmington Uniform Development Action Grant ("UDAG") Corporation, Michael P. Migliore, and Mayor Dennis P. Williams move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). (D.I. 6, 7, 8). Plaintiff opposes. In addition, Plaintiff moves for leave to amend and seeks default judgment. (D.I. 11, 12). Briefing on the matter is complete.

## BACKGROUND

Plaintiff commenced this action on January 28, 2016 and amended the complaint on February 10, 2016. (D.I. 1, 4). The amended complaint is the operative pleading. Plaintiff alleges that the Court of Chancery of the State of Delaware found in favor of "the plaintiffs" in a court proceeding on June 20, 2002, and ordered the parties to confer and submit a form order. (D.I. 4, ¶ 2). Plaintiff received an order on January 24, 2003 regarding the UDAG that indicated Plaintiff is a member of its board of directors. (*Id.* at ¶ 3). He alleges that the UDAG "goes dark" and resurfaces in November 2004. (*Id.*). Plaintiff alleges that in 2011, he became aware that the UDAG "has been assisted in plundering and looting resources meant to be spent on West Center City residents" and that "the court has failed to enforce its own order to counsel." (*Id.* at ¶ 4). Plaintiff believed this was an oversight and filed a "writ of error" with the court. (*Id.*). Years passed and Plaintiff retained new counsel. Plaintiff alleges that his attorney attempted to derail the case which led to a letter to Vice Chancellor Noble and a hearing on July 10, 2014. (D.I. 4 at 12 (Ex.)).

Plaintiff asks this Court to order the Court of Chancery to enforce its 2002 memorandum opinion and to enforce the order to seat Plaintiff on the UDAG board of directors. He also seek "appropriate" damages. Plaintiff has filed a motion to amend to add Mayor Dennis P. Williams and Matthew Lintner (misnamed as Mathew Litner) as Defendants.[1] (D.I. 11).

Defendants move for dismissal on the grounds that Plaintiff fails to state claims upon which relief may be granted, certain Defendants are immune from suit, the claims are time-barred, and Defendants have not been properly served.[2]

## STANDARDS OF LAW

Defendants seek dismissal pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure and have submitted matters of public record as well as documents referred to in the amended complaint in support of their motions.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach [that] document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

---

[1] Leave to amend has not been granted, and Mayor Williams and Lintner were erroneously added to the case docket as defendants.

[2] The case docket does not indicate that any defendant has been served. Ferry Joseph, P.A. indicates that Plaintiff handed a copy of the Amended Complaint to one of its attorneys. This is not proper service. *See* Fed. R. Civ. P. 4(c)(2) (any person who is at least 18 years old and ***not*** a party may serve a summons and complaint) (emphasis added).

2

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted).  The documents submitted to the Court are mostly matters of public record, and, to that extent, may properly be considered in ruling on Defendants' motions to dismiss.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff,'" and the standards relevant to Rule 12(b)(6) apply. *Id.* at 358 (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*,

3

115 F.3d 176, 179 (3d Cir. 1997).  Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

**Rule 12(b)(5)**

A defendant may file a motion to dismiss when a plaintiff fails to properly serve him or her with the summons and complaint.  *See* Fed. R. Civ. P. 12(b)(5).  A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) now imposes a 90-day time limit for perfection of service following the filing of a complaint.  Fed. R. Civ. P. 4(m).  If service is not completed within that time, the action is subject to dismissal without prejudice.  *Id.* *See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

**Rule 12(b)(6)**

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014).  A complaint may not dismissed, however, for

4

imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading rules established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

## DISCUSSION

**Statute of Limitations**

Plaintiff raises his claims pursuant to 42 U.S.C. § 1983.  The Court turns first to the case dispositive issue of whether Plaintiff's claims are time-barred.  Plaintiff seeks enforcement of a 2002 order that was entered in State court.  It is clear from the allegations in the amended complaint that, as of 2011, Plaintiff had knowledge of the alleged actions or inactions with regard to the 2003 order.[3]

---

[3] "In 2011, we became aware [that the] court has failed to enforce its own order to counsel." (D.I. 4, ¶ 4).

5

"Limitations periods in § 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules.'" *Hardin v. Straub*, 490 U.S. 536, 539 (1989). The relevant state statute of limitations for a personal injury action in Delaware is two years. *See* 10 Del. C. § 8119; *Carr v. Town of Dewey Beach*, 730 F. Supp. 591, 602 (D. Del. 1990). Accrual of such claims are governed by federal law, *see Albright v. Oliver*, 510 U.S. 266, 280 n.6 (1994), and § 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

It is clear from Plaintiff's allegations that his claims accrued by at least 2011. In addition, during a hearing in Chancery Court in July 2014, Plaintiff acknowledged that his principal concern was that an order was not entered to formally implement the Chancery Court's June 20, 2002 opinion. (*See* D.I. 4, Ex. at 3:15-23). Plaintiff stated, "if I can read from a letter dated November the 15th, 2011, to [Vice Chancellor Noble], . . . . I continue to contact the Court seeking a final judgment which required full faith [] and credit to apply to your memorandum of opinion dated June 20th, 2002." (*Id.* at 6:19-7:5). Plaintiff's statements in 2014 indicated that he was aware of his claims by at least 2011. Yet, he did not commence this action until January 28, 2016, far beyond the two-year limitations period.

Plaintiff's claims were filed outside the two year limitations period and no legal rule tolls or otherwise abrogates the limitations period. *See e.g., Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Therefore, the Court will grant the motions to dismiss as Plaintiff's claims are time-barred.

6

**Other Grounds for Dismissal**

Dismissal of this action is also appropriate on other grounds. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although the amended complaint invokes 42 U.S.C. § 1983, even a liberal construction of the allegations does not state a constitutional violation.

To the extent that Plaintiff names or attempts to name Mayor Williams and Lintner as Defendants, the claims fail. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Id. at* 353. There are no allegations directed toward Mayor Williams and Lintner. (*See* D.I. 11).

Further, it appears that at least two named defendants are not State actors. To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The pleadings indicate that private attorney Samuel L. Guy and the law firm of Ferry, Joseph and Pearce represented parties in the underlying State court litigation. It is evident from the pleadings that they are not "clothed with the authority of state law," and, therefore, the § 1983 claims against them are not cognizable. *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

7

It is not entirely clear that the UDAG is a named defendant. (D.I. 4 at 3-4).  And Plaintiff does not allege which sort of entity the UDAG is.  Whatever the UDAG might be, it cannot be a defendant.  If it is a private corporation, then it is not a state actor.  If it is some sort of state entity, the claims against it are barred by *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983.  And there are no allegations that would make it responsible for the actions of individuals associated with it.

Finally, Vice Chancellor Noble has judicial immunity.  "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.*  The amended complaint does not set forth any facts that would show that Vice Chancellor Noble acted in the absence of jurisdiction.

## SUPPLEMENTAL JURISDICTION

Because the Court is dismissing the § 1983 claim, which is the only claim over which the Court has original jurisdiction,[4] the Court declines to exercise jurisdiction over

---

[4] Plaintiff's last filing seeks a writ of mandamus (D.I. 21; *see also* D.I. 4, ¶ 1), but this Court has no power to issue writs of mandamus to state courts regarding implementation of their own orders. *See In re Wolenski,* 324 F.2d 309, 309 (3d Cir. 1963) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

8

Plaintiff's supplemental state law claims.  28 U.S.C. § 1367(c); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## CONCLUSION

For the above reasons, the Court will:  (1) grant Defendants' motions to dismiss (6, 7, 8); (2) dismiss as moot Plaintiff's motion to amend (D.I. 11) as amendment is futile; and (3) dismiss as moot Plaintiff's motion for default judgment (D.I. 12).  The Court will decline to exercise supplemental jurisdiction.

An appropriate order will be entered.