IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWIGHT L. DAVIS, | : | |
|     Plaintiff, | : | |
| v. | : | Civ. No. 16-044-RGA |
| VICE CHANCELLOR JOHN W. NOBLE et al., | : | |
|     Defendants. | : | |

Dwight L. Davis, Wilmington, Delaware. *Pro Se* Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Vice Chancellor John W. Noble.

Sarah Anne Fruehauf, Assistant City Solicitor, City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendants Michael P. Migliore and Mayor Dennis P. Williams.

Rick S. Miller, Esq., Ferry, Joseph, P.A., Wilmington, Delaware. Counsel for Defendant Ferry Joseph, P.A.

**MEMORANDUM OPINION**

November 4, 2016
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Dwight L. Davis filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has paid the filing fee. On August 24, 2016, the court granted Defendants' motions to dismiss and closed the case. Plaintiff moves for reconsideration of the dismissal order (D.I. 25, 26) and also moves for my recusal (D.I. 28).

## MOTION FOR RECUSAL

Plaintiff seeks recusal pursuant to 28 U.S.C. § 455 on the grounds that the "United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS." (D.I. 28 at 2). Plaintiff "demands said judge recuse themselves in light of the evidence attached as Exhibit 1 detailing prior unethical and/or illegal conduct or conduct which gives [Plaintiff] good reason to believe the above Judge cannot hear the above case in a fair and impartial manner." (*Id.*).

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510

U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Plaintiff refers to "Exhibit 1" to support his motion for recusal, but did not provide the exhibit to the Court. Nonetheless, it is evident in reading Plaintiff's motion that he take exception to this Court's recent ruling (D.I. 23, 24) that granted Defendants' motions to dismiss, and this ruling serves as his basis to seek recusal. A reasonable, well-informed observer would have absolutely no basis to believe that my prior rulings were based on impartiality, bias, or actual prejudice. Nor do my rulings demonstrate that I acted in any such manner when ruling in this case. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observed would not question my impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, the Court finds that there are no grounds for recusal under 28 U.S.C. § 455. Therefore, the Court will deny the motion to recuse. (D.I. 28).

## MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the August 24, 2016 order that granted Defendants' motion to dismiss, that declined to exercise supplemental jurisdiction over Plaintiff's supplemental claims, and that closed the case. (See D.I. 23, 24). The complaint was dismissed for various reasons, including that it was time-barred, that it did not state a constitutional violation, that it did not allege personal involvement of some defendants, that some defendants were not state actors, and that one defendant had judicial immunity. (See D.I. 23). Plaintiff argues there are exceptions to judicial immunity, the court did not address his request for mandamus relief,[1] and the claims are not time-barred.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

The Court finds that Plaintiff has failed to demonstrate any grounds to warrant reconsideration of the Court's August 24, 2016 Order (D.I. 24) that granted Defendants' motions to dismiss and closed the case. Therefore, the letter/motions for reconsideration will be denied. (D.I. 25, 26).

## CONCLUSION

---

[1] The Court did address the request for mandamus relief. (See D.I. 23 at 8 n.4).

3

For the above reasons, the Court will deny Plaintiff's letter/motions for reconsideration and his motion to recuse. (D.I. 25, 26, 28). An appropriate order will be entered.